# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

FILED
IN CLERK'S OFFICE

2023 MAY 18 PM 4: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

Sharan Garlapati

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Brigham and Women's Hospital, and employees: Talia Feldman, Eunnindy Sanon, Niveditha Gopalakrishnan

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____
(to be filled in by the Clerk's Office)

Jury Trial: (check one)  ☑ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Sharan Garlapati |
| Street Address | 17364 NE 46th Ct |
| City and County | Redmond, King County |
| State and Zip Code | WA, 98052 |
| Telephone Number | (425) 241 4323 |
| E-mail Address | sharankg9@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Brigham and Women's Hospital |
| Job or Title *(if known)* | |
| Street Address | 75 Francis Street |
| City and County | Boston, Suffolk County |
| State and Zip Code | Massachusetts, 02115 |
| Telephone Number | (617) 732-5500 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Talia Feldman |
| Job or Title *(if known)* | Research Assistant 1 |
| Street Address | 60 Fenwood Road |
| City and County | Boston, Suffolk County |
| State and Zip Code | Massachusetts, 02115 |
| Telephone Number | (860) 680-7141 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Eunnindy Sanon |
| Job or Title *(if known)* | Research Assistant 1 |
| Street Address | 60 Fenwood Road |
| City and County | Boston, Suffolk County |
| State and Zip Code | Massachusetts, 02115 |
| Telephone Number | (603) 556-2151 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | Nivedetha Gopalakrishnan |
| Job or Title *(if known)* | Research Assistant 1 |
| Street Address | 60 Fenwood Road |
| City and County | Boston, Suffolk County |
| State and Zip Code | Massachusetts, 02115 |
| Telephone Number | (732) 215-8504 |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question        ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* Sharan Garlapati, is a citizen of the State of *(name)* Washington.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

b. If the defendant is a corporation

The defendant, *(name)* Brigham and Women's hospital, is incorporated under the laws of the State of *(name)* Massachusetts, and has its principal place of business in the State of *(name)* Massachusetts.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:
I am seeking 20 million dollars (the lifetime salary of a physician who works in a sub-scpecialty)
I am seeking 10 million dollars for the extreme trauma, and the induced disability from CPTSD which will be present for life.

Total: $30,000,000 USD

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
PSA

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.
PSA

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 05/18/2023

Signature of Plaintiff
Printed Name of Plaintiff: Sharan Garlapati

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

Diversity of Citizenship

This Court has jurisdiction over this matter as the claims asserted arise under federal law, including laws governing sexual harassment, fraud, sexual assault, attempted coerced rape, and indecent assault. The venue is proper in this district, as the events giving rise to the claims occurred within this jurisdiction. Parties: I am a resident of Redmond, of the state of Washington, and am of legal age. Brigham and Women's Hospital, and the Defendants, Talia Feldman, Eunnindy Sanon, and Niveditha Gopalakrishnan, are individuals who are residents of Massachusetts. Talia Feldman and Eunnindy Sanon are citizens of the state of Massachusetts. Niveditha Gopalakrishnan is a foreign national (Republic of India). They are alleged to have engaged in the actions mentioned above, which are in violation of various laws.

III. Statement of Claim

I, Sharan Garlapati, bring this civil lawsuit against the Defendants, Talia Feldman, Eunnindy Sanon, and Nivedetha Gopalakrishnan, and the employer (Brigham and Women's Hospital) to seek justice, obtain relief for the harm suffered, and hold the Defendants accountable for their actions. During the period of my work at Brigham and Women's Hospital, I have been subjected to severe harm, including but not limited to sexual harassment, fraud, sexual assault, attempted coerced rape, and indecent assault, perpetrated by the Defendants. The Defendants have made false accusations against me, questioning my judgment, sanity, and reputation, with the intent to discredit and harm me. I have been diagnosed with complex PTSD by numerous mental health professionals, which further substantiates the harm suffered and the impact on my well-being. There exist audio recordings with (BWH) in which former supervisor Tanuja Chitnis, M.D., falsely accused me of being unable to understand human relationships and labeled me as "violent." Moreover, Tanuja Chitnis, M.D., framed me to the HR department and the police after discovering my consensual relationship with another female physician. All four individuals, Talia Feldman, Nivedetha Gopalakrishnan, Eunnindy Sanon, and Tanuja Chitnis, M.D., have kept me from attending medical school and becoming a physician. Attorney Gilbert has also engaged in defamatory conduct by referring to me as "violent." Both Tanuja Chitnis, M.D., and Attorney Gilbert have wrongfully accused me of my own abuse and have unjustly sided with the women who engaged in sexual harassment, assault, attempted rape, and other reprehensible actions (specifically, Talia Feldman, Nivedetha Gopalakrishnan, Eunnindy Sanon). I have sought professional assistance from licensed psychiatrists, and psychiatric nurse practitioners registered to practice in the states of Massachusetts and Washington, who have diagnosed me with complex PTSD and provided expert opinions supporting the claims made in this lawsuit. Count I: Sexual Harassment The Defendants' actions constitute unlawful sexual harassment, which has caused significant emotional distress, humiliation, and harm to me. Such conduct is in violation of federal laws and regulations. Count II: Fraud The Defendants' fraudulent activities, including making false accusations and defaming me, have resulted in reputational harm and emotional distress. These actions are in violation of federal laws governing fraud. Count III: Sexual Assault, Attempted Coerced Rape, and Indecent Assault The Defendants' actions of sexual assault, attempted coerced rape, and indecent assault have caused me immense physical and psychological harm. These actions are in violation of federal laws protecting individuals from such offenses. I respectfully request the following relief from this honorable Court: a) Compensatory damages for the harm suffered, including emotional distress, pain and suffering, reputational damage, and any other applicable damages deemed appropriate by the Court.

b) Punitive damages to deter the Defendants and others from engaging in similar misconduct in the future. c) Injunctive relief restraining the Defendants from further engaging in any form of harassment, assault, or retaliation against me. d) Reasonable attorney's fees and costs incurred in pursuing this legal action. e) Any further relief that the Court deems just and equitable under the circumstances.

IV. Relief

I hereby demand that the Defendants respond to this complaint in a timely manner and in good faith. I am open to engaging in settlement discussions in an effort to resolve this matter amicably. However, should the Defendants fail to respond accordingly or fail to settle in good faith, I reserve the right to pursue this lawsuit vigorously and seek the relief outlined herein. I urge the Court to consider all evidence, data, and behavior reasonably and impartially, disregarding any unfounded stories, victim-blaming, lies, or manipulation. I seek a fair and just conclusion that upholds the principles of justice and ensures accountability for the Defendants' actions. The Defendants, particularly [Name of the Institution/Organization] (BWH), have access to my medical records and information through the EPIC and Care Everywhere systems. This includes access to my records in my home state of Washington, where medical care has been wrongfully denied by institutions such as the University of Washington, Overlake Clinic, and Swedish (Providence medical group). I request that the Court consider the relevance of these records in assessing the harm suffered and the impact on my well-being. I seek a fair and impartial resolution to this matter, ensuring justice for the harm suffered as a result of the Defendants' unlawful actions. It is my intent to pursue this lawsuit diligently to protect their rights and obtain the relief deserved.

Statement of Facts

1. Be aware that under the FLSA's Section 15(a)(3), it is illegal for anyone to "fire or otherwise treat in a discriminatory manner any employee because such employee has filed any complaint or instituted or caused to institute any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." Regardless of whether a complaint is made verbally or in writing, employees are still protected. All employees of an employer are protected because Section 15(a)(3) forbids "any person" from retaliating against "any employee," even if the FLSA does not cover the employee's work and the employer. A worker is protected from retaliation by a former employer under Section 15(a)(3), even if there is no ongoing employment relationship between the parties.

2. Therefore, the Equal Employment Opportunity Commission (EEOC), the Massachusetts Commission Against Discrimination (MCAD), and other pertinent US authorities formally request that you cease the alleged retaliatory actions and cooperate fully in their ongoing investigations.

3. Please take notice that Title VII of the Civil Rights Act of 1964 also makes it unlawful for an employer to take adverse action or retaliate against a person because they: complained about discrimination, whether formally or informally, Filed a charge of discrimination with an agency like the US Equal Employment Opportunity Commission or participated as a witness in an employment discrimination investigation or lawsuit. Title VII also makes it unlawful to use policies or practices that

seem neutral but have the effect of discriminating against people because of their race, color, religion, sex (including pregnancy and related conditions, sexual orientation, and gender identity), or national origin.

4.      Retaliation is prohibited under the Americans with Disabilities Act (ADA) against anyone who violates their rights. The Genetic Information Nondiscrimination Act (GINA) safeguards individuals from reprisals based on their genetic makeup. Concerning this provision, my DNA and genetic data have been requested by the BWH from "Be the Match," a national marrow donor program. Unfortunately, BWH may have violated my rights by interfering with my attempts to donate my bone marrow (A-, a "rare" or difficult-to-obtain character) and denying clinical care to a sick person. As a recipient patient with an auto-immune disorder like leukemias, lymphomas, aplastic anemia, or immune deficiency disorders who was in desperate need of a bone marrow transplant and whom I was willing to provide if BWH had not prevented it, this person has suffered as a secondary victim of BWH's actions.

5.      According to the Massachusetts Wiretapping Statute, G. L. c. 272 s. 99, it is unlawful for anyone other than a person with prior consent from all parties to a transmission to: [S]ecretly hear, secretly record, or assist another to privately hear or secretly record the contents of any wire or oral communication using any intercepting device. All parties involved (including myself, BWH, and their staff) are aware that Talia Feldman, Niveditha Gopalakrishnan, and Eunnindy Sanon hired an attorney to harass me and gather the information that could be used against me illegally and that they acted on that advice (their victim). This included unlawful wiretaps, none of which I approved of, was utterly confident of their content, or had any justification for being performed on me. Due to the two-party consent law in Massachusetts, each person whose voice is being recorded must give their consent. In Massachusetts, it is against the law to record someone's speech without their permission or knowledge.

6.      The ideas of awareness, notice, consent, and implied consent in recording scenarios still have a lot of subtle complexities—the Massachusetts cases that construe G. L. c. 272 s. Ninety appear to place a significant emphasis on the phrase "secretly" used in the legislation. The conditions typically allude to transgressions of the law requiring "secret" or "surreptitious eavesdropping" or a recording made without the speaker's knowledge. For instance, the SJC suggested in Commonwealth v. Hyde (2007) that a recording party only needed to inform the other speaker of "his intention to tape record the encounter, or even [hold] the tape recorder in plain sight" for the recording to "not have been secret, and so would not have violated G. L. c. 272, 99".

7.      Be aware that Massachusetts has some of the strictest laws in the country against unauthorized listening. According to the law, everyone involved must consent before any in-person conversation can be recorded. Ch. 272, section 99, Mass. Ann. Laws (C). Affirmative consent is not required when all parties know the recording; as a rule only applies to secret recordings (Barstool Sports, Inc. v. Curtatone, 169 N.E.3d 480, 483). According to Massachusetts v. Wright, 814 N.E.2d 741, an appellate court determined that even if the audio quality of the recorded conversation is poor, at least some audible words are sufficient to violate the wiretapping law (Mass. App. Ct. 2004). AMass. 2021).

8. A civil court may award actual and punitive damages, reasonable legal fees, and litigation costs to anyone whose private communications were intercepted, disclosed, or used in violation of the state's eavesdropping laws. Massachusetts General Laws, Chapter 272, Section 99 (Q) The actual damages would be $1,000, or $100 for each day the violation occurred. The state forbids sharing or using the contents of an illegally recorded conversation when coupled with the knowledge that the conversation was gathered. Mass. General Laws, Section 99(C), Chapter 272 (3) Violations of the Massachusetts Wiretapping Act are subject to severe civil and criminal penalties.

9. Any individual who knowingly intercepts any wired or oral communication, attempts to intercept such communication, procures another individual to do so, or attempts to achieve such interception shall be subject to a fine of not more than $10,000, a term of imprisonment in a state prison not to exceed five years, a period of imprisonment in a jail or house of correction not to exceed two years, or both.

10. Any aggrieved party whose oral or wire communications were intercepted, disclosed, or used in a way that was not permitted or authorized by this section or whose personal or property interests or privacy were violated using an interception that was not endorsed or supported by this section, shall have a civil cause of action against any person who engages in such interceptions, disclosures, or uses a fair attorney's fee and other properly incurred legal costs. Actual damages are calculated at a rate of $100 per day for each day of violation, or $1000, whichever is higher, but they cannot be less than liquidated damages. A warrant issued under this section shall be a complete defense in any action brought according to this clause.

11. Using illegal recordings in civil actions is particularly tricky and complex because the law prohibits anyone from "using" illicit recordings in any way. This includes anyone who intentionally uses or attempts to use the contents of any wire or oral communication while knowing that the information was obtained through interception or who willfully discloses or endeavors to disclose to anyone the contents of any wire or verbal communication while knowing that the information was obtained through interception.

12. Note that the Massachusetts wiretapping law may not legally require the suppression of illegal recordings. Using illegally recorded conversations as evidence in call-related civil and criminal proceedings is expressly forbidden by federal law. It's debatable whether an attempt to introduce illegal recordings into evidence constitutes an unlawful disclosure of and of itself. Still, many judges would be inclined to suppress the introduction of illegal recordings into evidence, especially if the party asking for admission is the one who initially made the recording. However, most judges are wary of allowing a party to profit from their illegal conduct in a court case.

13. Parties in the civil, probate, and family contexts occasionally mix up the criminal and civil liabilities that may result from the use and publication of illegally recorded information with the question of admissibility or whether a judge would regard the recording as evidence. Liability and admissibility are entirely different topics, though. Even if a judge permits an illegal recording to be used as evidence in a civil action, the party that sought to admit the tape may still be held accountable for its use and disclosure under civil or criminal law.

14. Although it is not a perfect comparison, one way to think of using an illegal recording in a civil case would be to picture one party bringing proof of an affair or receipts from a liquor store owned by the other party to court to prove the other party's alleged wrongdoing. Even if the judge finds that drinking alcohol or having affairs is wrong, the party who presents these items to the court must still prove that they are in their possession. The same is true for illegally recorded conversations. Just because a party successfully plays the recording for the civil judge and the judge determines that the recording's contents support the party's claim, it does not follow that the recording's disclosure in court was lawful. Even if the judge accepts the tape as evidence, a party who submits an illicit recording to a civil court may still be the target of a criminal complaint or civil litigation for the inappropriate use or disclosure of an illegal recording.

15. The New York State Human Rights Law protects against work reprisals. In California, the Fair Employment and Housing Act explicitly forbids retaliation and outlines procedures for workers maltreated. According to provisions in the Texas Labor Code, employees are shielded from reprisals because they participate in investigations. Similar protections against retaliation are offered by the Illinois Human Rights Act, which also lays out remedies for staff members who experience such behavior. Retaliation is prohibited in Florida, and employees can file a lawsuit if their rights are violated.

16. According to Massachusetts Common Wealth Prohibited Acts Section 9. (a), it is illegal for any employer to discriminate against an employee for exercising any rights to which the employee is entitled under this chapter or with the intent of preventing the exercise of any rights to which the employee is entitled by dismissing, suspending, expelling, disciplining, through the application of attendance policies, or in any other way. (b) It is against the law for an employer to take adverse action against an employee who has filed a complaint, started or caused to start a proceeding under or related to this section, testified or is about to testify in an inquiry or proceeding, or has provided or is about to provide information by way of discharge, firing, suspension, expulsion, disciplining, application of attendance policies, or in any other way.

It is therefore saddening, humiliating, and a violation of my rights that these syndicates have subjected me to psychological torture and retaliation, which has even forced me out of school, and destroyed any hope I have had of a career in medicine.

X [signature]
05/18/2023

Temporary Address through July 30th, 2023
07/30/23

FILED
IN CLERKS OFFICE
2023 MAY 18 PM 4:25
U.S. DISTRICT COURT
DISTRICT OF MASS.

Sharan Gallafati
83 Marlborough Street
Boston, MA, 02116

x _____
05/18/2023